IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>COCA COLA BOTTLING CO. CONSOLIDATED AND CC BEVERAGE PACKING, INC. D/B/A COCA COLA BOTTLING COMPANY OF MOBILE<br>Defendant. | CIVIL ACTION NO.<br><br><u>COMPLAINT</u><br><u>JURY TRIAL DEMAND</u> |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of sex (female), failure to preserve relevant employment records, and to provide appropriate relief to Martina Owes ("Owes"), who was adversely affected by such practices. As alleged with greater particularity below, Defendant Coca Cola Bottling Company Consolidated and CC Beverage Packing Inc. d/b/a Coca Cola Bottling Company of Mobile (collectively referred to herein as "Defendant") subjected Owes, who applied for both a Logistic Operator and Machine Operator position at Defendant's Mobile, Alabama facility to discrimination on the basis of sex. Defendant's hiring practices have been undertaken with the purpose and have had the effect of denying women employment because of their sex in violation of Title VII. The Commission also alleges that Defendant failed to preserve records relevant to the determination of whether Defendant engaged in unlawful employment

practices.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5(f)(1)("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2. The employment practices alleged to be unlawful were committed within the State of Alabama, the jurisdiction of the United States District Court for the Southern District of Alabama in employment matters.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Coca Cola Bottling Company Consolidated has been doing business in the State of Alabama and has continuously had at least 15 employees.

5. At all relevant times, Defendant CC Beverage Packing, Inc. has been doing business in the State of Alabama and has continuously had at least 15 employees.

6. At all relevant times, Defendant Coca Cola Bottling Company Consolidated and Defendant CC Beverage Packing, Inc. have continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7. At all relevant times, Defendant CC Beverage Packing, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this law suit, Martina Owes filed a charge with the Commission alleging violations of Title VII by Defendant.

9. On October 8, 2014, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. On June 9, 2015, an amended Letter of Determination was issued to Defendant including an additional charge that there was reasonable cause to believe that Defendant had failed to maintain records as required under law and inviting Defendant once again to join the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. In its efforts to conciliate, the Commission attempted to engage in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission and, on June 29, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation.

13. All conditions precedent to the institution of the lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### COUNT I
### DISCRIMINATION BASED ON SEX

14. Since at least June 2010, Defendant has engaged in unlawful employment practices at its Mobile, Alabama in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1), 2000e-2(a)(2), and 2000e-3(a). Specifically, Defendant subjected Owes who applied for Logistics Operator Position II and Manufacturing Operator III positions to discrimination on the basis of sex.

   a) Defendant maintains an online open application process known as Consolidated Application and Posting System (CAPS) through which internal employees and external individuals may apply for employment. Open positions with Defendant are posted on the system and electronically distributed to other job posting sites. Individuals interested in a position with Defendant must visit the online application site, and are allowed to either submit a general application or they may apply for a specific position.

   b) On June 9, 2010, Owes applied for the first of two available positions with Defendant. Charging Party submitted an online application with Respondent for Job Position #9109 – Manufacturing Operator III.

   c) At the time of her application, Owes had more than twelve (12) years of relevant experience in each of the areas identified in the job posting as required experience.

   d) At the time of Owes' application for the Manufacturing Operator III position, there were three available positions. Two of the position went to internal

  candidates and the remaining position was given to a less qualified male external applicant.

e) On June 27, 2010, Owes applied for the second available application, Logistic Operator II position via Defendants' website.

f) Once again, Owes had more than twelve (12) years of relevant experience in each of the areas identified in the job posting as required experience.

g) Owes was not selected for the available Logistic Operator II position and instead Defendant hired a less-qualified male external applicant.

h) Between March 1, 2010 and June 3, 2010, Defendant employed forty-seven (47) men and no women in the Logistic Operator II position.

i) Between March 1, 2010 and August 20, 2010, Defendant hired only 11 individuals at its Mobile facility. Of the eleven new hires, Defendant hired only one female applicant, in the position of Raw Materials Coordinator.

15. The effect of the practices complained of in paragraph fourteen (14) above has been to deprive Owes of equal employment opportunities because of her sex.

## COUNT II
## RECORDKEEPING VIOLATION

16. Plaintiff incorporates by references the allegations contained in paragraph fourteen (14) above.

17. Since at least August 8, 2010, Defendant has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

a) As part of its online open application process, Defendant required all applicants to submit employment applications online.

b) Defendant maintained employment applications for potential and actual hires through this online application process.

c) Charging Party filed a charge with the EEOC on August 8, 2010, alleging Defendant was failing to hire employees on the basis of their sex, female in June of 2010.

d) Defendant could not produce the submitted applications from February 13, 2010 to present.

18. The effect of the practices complained of in paragraphs fourteen (14) and seventeen (17) has been to deprive Owes of equal employment opportunities because of her sex.

19. The unlawful employment practices complained of in paragraphs fourteen (14) and seventeen (17) were intentional.

20. The unlawful employment practices complained of in paragraphs fourteen (14) and seventeen (17) were done with malice or with reckless indifference to the federally protected rights of Owes.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discriminatory hiring practices by refusing to hire females for

employment because of their sex, and any other employment practices which discriminate on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for females, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Owes, by providing, appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, rightful-place hiring, and, where appropriate, front pay and instatement.

D. Order Defendant to make whole Owes by providing, as appropriate, compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraphs fourteen (14) through twenty (20) above, including relocation expenses and job search expenses in amounts to be determined at trial.

E. Order Defendant to make whole Owes by providing, as appropriate, compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs fourteen (14) through twenty (20) above, including emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, mental anguish and humiliation, in amounts to be determined at trial.

F. Order Defendant to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

G. Order Defendant to pay to Owes punitive damages for its malicious and reckless conduct described in paragraphs fourteen (14) through twenty (20) above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Date: September 30, 2015

RESPECTFULLY SUBMITTED,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street E
Washington, DC 20507

C. EMANUEL SMITH (MS Bar # 7473)
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street, South
Birmingham, Alabama 35205

Telephone: (205) 212-2045
Facsimile: (205) 212-2041