**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | **1:15-cv-00486-WS-B** |
| | ) | |
| **COCA-COLA BOTTLING CO. CONSOLIDATED, ET AL.** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## CONSENT DECREE

---

    A. The Equal Employment Opportunity Commission (the "Commission" or "EEOC") instituted this civil action against Coca-Cola Bottling Company Consolidated and CC Beverage Packing Inc. d/b/a Coca-Cola Bottling Company of Mobile (collectively referred to herein as "Defendant") to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. In its Complaint, the Commission alleges that Defendant failed to hire Martina Owes ("Owes" or "Charging Party") for two positions at its Mobile, Alabama facility on the basis of sex, female. The Commission further alleges that Defendant failed to preserve records relevant to the determination of whether Defendant engaged in unlawful employment practices. The Commission alleges this conduct violated Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c).

B.     The EEOC and Defendant hereby stipulate and consent to the entry of this Consent Decree ("Decree"), to resolve the present litigation and any claims or issues arising as a result of the Commission's investigation of the same allegations against Defendant.

C.     This Decree does not constitute a finding on the merits of the case.  This Decree is not to be deemed or construed to be an admission of liability or wrongdoing by Defendant but constitutes the good faith settlement of a disputed claim.  The Commission and Defendant have consented to entry of this Decree to avoid the additional expense that continued litigation of this case would involve.

D.     This Decree constitutes the complete and exclusive agreement between the Commission and Defendant (the "Parties") with respect to the complaint filed in this cause and all matters referenced therein. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing, approved by the Parties, and approved by the Court or ordered by the Court. No representations or inducements to compromise this action have been made between the parties, other than those recited or referenced in this Decree.

E.     In the event this Decree is not approved or does not become final, the Commission and Defendant agree that it will not be admissible in evidence in any subsequent proceeding.

F.     CC Beverage Packing Inc. d/b/a Coca Cola Bottling Company of Mobile merged into CCBCC Operations, LLC on October 27, 2003.   CCBCC Operations, LLC is a subsidiary of Coca Cola Bottling Co. Consolidated.

After examining the terms of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court hereby **APPROVES** the Decree and **FINDS**:

a.      The terms of this Decree are adequate, fair, reasonable, equitable, and just. The Decree adequately protects the rights of the EEOC, Defendant, and the public interest.

b.      This Decree conforms to the Federal Rules of Civil Procedure and Title VII, and does not derogate the rights or privileges of any person.   The entry of this Decree furthers the objectives of Title VII and appears to be in the best interests of the Parties and the public.

c.      This Decree is entered into by the EEOC and Defendant. This Decree shall be final and binding between the EEOC and Defendant, its directors, officers, agents, employees, successors or assigns, and all persons in active concert or participation with it.

d.      The EEOC and Defendant do hereby agree to the entry of this Decree, which shall fully and finally resolve all issues and claims which were raised by the EEOC in its Complaint in Civil Action No. 1:15-cv-00486.

Upon consent of the parties to this action, it is hereby **ORDERED, ADJUDGED AND DECREED:**

## I. JURISDICTION

1.      This Court has jurisdiction over the Parties and the subject matter of this litigation. The Court shall retain jurisdiction over this case in order to enforce the terms of the Decree.

2.      No Party shall contest jurisdiction of this Court to enforce this Decree and its terms or the right of the Commission to seek enforcement in the event Defendant breaches any of the terms of this Decree.

## II. <u>SCOPE AND DURATION OF THIS DECREE</u>

3.    This Decree resolves all issues and claims arising out of Martina Owes' Charge of Discrimination (EEOC Charge No. 846-2010-6220) against Defendant and the Commission's Complaint in Civil Action No. 1:15-cv-00486, alleging unlawful discrimination by Defendant against Owes on the basis of sex, female and failure to preserve records. This Decree shall not be considered in any manner to be dispositive of any matters not encompassed within Owes' Charge which are or may be pending before any office of the Commission except as expressly agreed in writing. Nothing in the Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the EEOC's authority to process or litigate any future charge of discrimination filed against Defendant. Nothing in this Decree shall be admissible in any other judicial or administrative proceeding for any purpose except to enforce the terms of this Decree noted herein.

4.    This Decree applies to Defendant's facility at Mobile, unless otherwise noted herein.

5.    This Decree covers Defendant's employees and job applicants at its Mobile facility, unless otherwise noted herein.

6.    Notwithstanding the foregoing, this Decree does not extend to any individual Charge of Discrimination now pending or to be filed in the future against Defendant unless there is a separate, specific settlement of such Charge of Discrimination evidenced by an appropriate legal agreement.

7.    The provisions of this Decree are effective immediately upon the date that the Decree is entered by the Court (the "Effective Date") and shall be binding upon the Parties to this lawsuit for three years after the Effective Date of this Decree.

## III. INJUNCTIVE RELIEF

8.      Defendant and its supervisors, managers, officers, directors, and successors are enjoined from discriminating against any employee because of his or her  sex, including but not limited to, discrimination in promotion, assignment, pay, and terms and conditions of employment, including providing women less favorable job assignments, less training opportunities and/or less opportunity for advancement.

9.      Defendant and its supervisors, managers, officers, directors, and successors are enjoined from discriminating against any job applicant on the basis of sex.

10.     Defendant and its supervisors, managers, officers, directors, and successors are enjoined from engaging in any act, policy or practice that has the purpose or effect of discriminating against any applicant for employment or employee on the basis of sex.

11.     Defendant and its supervisors, managers, officers, directors, and successors are enjoined from retaliating in any way against any person because of opposition to a practice made unlawful under Title VII or because of the filing of a charge, the giving of testimony, assistance or participation in any manner in an investigation, proceeding or hearing under Title VII.

12.     Defendant and its supervisors, managers, officers, directors, and successors are enjoined from destroying records relevant to the determination of whether unlawful employment practices have been or are being committed.

## IV. RELIEF TO THE CHARGING PARTY

13.     Defendant shall pay monetary relief in the gross amount of $35,000.00 (thirty-five thousand dollars) to Martina Owes for compensatory damages.  This amount shall be paid in full settlement of the claims against Defendant which were the basis of the EEOC Charge

filed by the Charging Party (No. 846-2010-6220), and raised in the EEOC's Complaint. Within thirty (30) calendar days of entry of this Consent Decree, payment in full shall be made by check payable to Martina Owes. The check shall be mailed to the address provided by the EEOC. Defendant will issue the applicable United States Internal Revenue Service forms reporting income to Owes in accordance with IRS regulations. .

Defendant shall mail a photocopy of the check to the attention of the Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205, at the time the check is sent to Owes.

14.     Any portion of the monetary relief not paid within thirty (30) business days of entry of the Decree shall be subject to a penalty of 1% per day on the unpaid balance or $50 per day, whichever is greater.

## V.  EEO COMPLIANCE MONITORING

15.     Within sixty (60) days of the Effective Date of this Decree, Defendant will identify an existing director-level employee or hire a new director-level employee, who has experience in EEO matters.  The selected employee shall possess the knowledge, capability, organizational authority, and resources to monitor and ensure Defendant's compliance with the terms of the Consent Decree.

16.     The director-level employee will have day-to-day responsibility for coordinating Defendant's compliance with anti-discrimination laws, Defendant's compliance with the Decree, recordkeeping and notice obligations under this Decree, and the development and implementation of the Anti-Discrimination Policy, Hiring Process,  and any outreach in advertising and recruitment required by this Decree.

17.    In the event the director-level employee changes position or his/her employment with Defendant ends, Defendant will, within thirty (30) days, reassign the duties referenced herein to another director-level employee who meets the qualifications described in Paragraph 15.

## VI. ANTI-DISCRIMINATION POLICY

18.    Defendant will review its existing policies and procedures and develop and implement new and/or revised policies and procedures as may be necessary to ensure equal employment opportunities are afforded to female applicants and employees within sixty (60) days of the Effective Date of this Decree.  Defendant shall make available to all employees and all job applicants (may be made available electronically) its new and/or revised policies ("the Policy") that outlines Defendant's prohibition of discrimination in the workplace.

(a)    The Policy will provide that Defendant is an "Equal Opportunity Employer" and strives to employ a workforce that is diverse.

(b)    The Policy will provide that Defendant will not tolerate discrimination in the workplace, including discrimination in hiring, promotion, and assignment.

(c)    The Policy will state that discrimination based on sex is prohibited discrimination under Title VII, and that hiring, promotion, and assignment decisions may not be made on the basis of sex.

(d)    The Policy will provide that employees who complain about discrimination in the workplace are protected against retaliation.

(e)    The Policy will provide that employees who file a complaint or participate in an investigation, review, or hearing are protected against retaliation.

7

(f)     Defendant shall ensure the dissemination of the Policy to all employees and all job applicants.

(g)     Defendant shall provide a copy of the Policy to all recruiters or employment agencies with whom it contracts for the purpose of supplying labor, temporary or permanent, for its facilities, and any other individuals who have any input into Defendant's hiring process.

(h)     Defendant will make the Policy available to employees on its intranet website and to job applicants on its Careers website.

(i)     The Policy will provide that EEO compliance will be a component in training for all managerial and supervisory positions.

(j)     The Policy shall list a toll free telephone number for any employee or job applicant to report alleged discrimination.

19.     Defendant will include in the Policy clear instructions explaining how Defendant will identify, report, investigate, and remedy incidents of alleged discrimination in the workplace. The Policy will require that in investigating and imposing any corrective action, Defendant will make all reasonable attempts to preserve confidentiality. The Policy will further require that any adverse treatment of an employee for reporting discrimination, for assisting another employee in making a report, for cooperating in a discrimination investigation, or for filing a Charge of Discrimination with the Commission or a state governmental agency is strictly forbidden.

20.     Within sixty (60) days of entry of this Decree, Defendant will make the Policy available to all job applicants on Defendant's Careers website.

## VII. DEVELOPMENT OF HIRING PROCESS

21.     Within sixty (60) days after entry of this Decree, Defendant shall develop and implement a new and /or revised written hiring process ("Hiring Process") for all hiring decisions.

22.     The Hiring Process must reasonably ensure that only applicants who meet the minimum requirements for a position shall be considered for that position.

23.     The Hiring Process must reasonably ensure that, with respect to any online job application process, applicants cannot successfully submit an application unless all required portions of the job application have been completed.  Any job application system used by Defendant shall provide adequate controls to ensure that, prior to final submission, the applicant has completed all required portions of the application.

24.     No provision of the Hiring Process shall be construed to excuse Defendant from gathering required EEO data from job applicants.  Defendant shall request that applicants provide gender information voluntarily.

## VIII. RECORDKEEPING

25.     Defendant shall maintain all employment records as required by Section 709(c) of Title VII, 42 U.S.C. Section 2000e-8(c), and 29 C.F.R. § 1602.14.  In order to demonstrate its compliance with the provisions of this Decree, Defendant will maintain for the duration of this Decree, the following for its facility in Mobile: 1) all completed applications; 2) all reasonable records, including any notes of interviews with an applicant, notes of other contact with an applicant, and notes of attempts to contact an applicant; 3) all applicant self-identification forms; 4) a database containing for each applicant: the name, gender, social security number, address, telephone number, position applied for, date of application,

interview date; date of job offer and positions offered; whether a job offer was accepted or rejected; hire date; whether an applicant withdrew from the application process; whether an applicant failed to respond to an interview request or job offer; or if not offered a position, the reason for that decision; and 5) documents related to each complaint of gender discrimination made by an applicant for employment (Such documents shall include the date the complaint was made, the name of the complainant, the allegations of the complaint, what actions Defendant took, if any, to resolve the matter).  At any time the Commission may request the opportunity to review all or a specified portion of these records.  Within ten (10) business days of any such request, Defendants shall make the requested records available to the Commission.

## IX. TRAINING

26.     Defendant shall provide an annual training program for its facility in Mobile on employment discrimination and retaliation to all employees located at that facility. The initial annual training will be scheduled and conducted within 90 days after the date of the entry of this Decree. Defendant shall submit to the EEOC a proposed EEO Training program for hourly employees, management employees, Human Resources employees, and training staff. The training program will include the following information: (a) a reasonably detailed agenda: (b) curriculum vitae for the individuals who will conduct and/or develop the training; and (c) training materials.

27.     Defendant shall advise all staff for its facility at Mobile in writing that the annual training program is mandatory for all employees. The annual training program shall last two hours and shall include the following topics:

(a)    Instruction on the requirements of Title VII of the Civil Rights Act of 1964, as amended, including gender discrimination in hiring;

(b)    An in-depth discussion of discrimination, including what  constitutes sex discrimination under Title VII, and including an emphasis on sex stereotyping as sex discrimination;

(c)    A discussion of retaliation, including what constitutes retaliation under Title VII;

(d)    A discussion of an employer's record-keeping obligations under Title VII (directed to management employees, H.R. employees and trainers);

(e)    Instruction on any policies related to this Consent Decree, including but not limited to Defendant's Anti-Discrimination Policy and Hiring Process;

(f)    A discussion of Defendant's Policy prohibiting discrimination and retaliation, including procedures and responsibilities for accepting, reporting, investigating and remedying discrimination and retaliation, and for management employees investigating and resolving complaints of discrimination.

28.    Defendant shall ensure that a director-level employee appears in-person or via video-conferencing at the training sessions to inform participants of Defendant's Anti-Discrimination Policy, that Defendant will not tolerate any discrimination in the workplace, and the consequences for discriminating in the workplace.

29.    Defendant will ensure that the issues raised in this lawsuit are referenced during the training sessions.

30.    Defendant may retain an outside human resources consultant or attorney who has specialized knowledge of employment discrimination and who has experience in labor

and employment law to provide the training and to fulfill the training requirement in Paragraphs 27 through 29 above.

31.     Defendant agrees to provide to the Commission a signed roster of the list of attendees for all annual training sessions with each annual report as set forth in Paragraph 36 below.

32.     In addition, Defendant will provide orientation on its anti-discrimination and complaint procedures within thirty (30) days of the date of hire of any new, hourly employee for its facility at Mobile. This orientation may be conducted in person or electronically.

## X. SUPERVISOR ACCOUNTABILITY

33.     Defendant shall promote supervisor accountability by the following conduct:

(a)     Providing anti-discrimination training to all of its supervisory and managerial personnel at its Mobile facility as set forth in Paragraphs 27 through 29;

(b)     Providing anti-discrimination training to all of its recruiters and any other individual employees, management or non-management, who participate in the hiring or promotion or assignment process at its Mobile facility;

(c)     Providing corrective action, up to and including discharge, to any supervisor or manager or recruiter who violates Defendant's policies against discrimination; and

(d)     Distributing a copy of this Decree to all management, supervisory, and recruitment personnel at its Mobile facility within sixty (60) days of entry of this Decree.

## XI. OUTREACH IN ADVERTISING AND RECRUITMENT

34.     During the term of the Consent Decree, if Defendant places advertisements, in print or television or radio for jobs at its Mobile facility, Defendant shall indicate that when

seeking applicants for employment, for all positions and job classifications, it is an equal employment opportunity employer.

## XII. REPORTING REQUIREMENTS

35.      Within sixty (60) days of the Effective Date of this Decree, Defendant  shall maintain records of any complaints of s e x  discrimination or retaliation by any employee or applicant for its facility at Mobile.  These records shall include the following:

(a)      the name of the employee or applicant making the complaint;

(b)      the date of the report or complaint;

(c)      a detailed description of the allegations made;

(d)      the names of any witnesses;

(e)      the name and job title of the person(s) allegedly participating in the discriminatory or retaliatory conduct; and

(f)      what actions, if any, Defendant took to resolve the complaint.

36.      Defendant shall provide a report to the Commission annually during the duration of this Decree.  Each annual report must contain:

(a)      a summary of the information recorded by Defendant pursuant to Paragraph 35, above;

(b)      a record of attendance of the training required by Paragraphs 2 7 through 29 above;

(c)      a certification by Defendant that the Notice Posting required by this Decree remained posted during the time period preceding the report; and

(d)      a list of all individuals who  applied for a position with Defendant at its Mobile facility, during the preceding twelve months, including name, sex, address and

position for which such individual applied, and the result of their application. Defendant will provide this data in the format agreed to by the Parties.

37.     Defendant shall submit the annual reports as follows:

(a)     the first annual report within 12 months of the entry of this Decree;

(b)     the second annual report within 24 months of the entry of this Decree; and

(c)     the third annual report within 36 months of the entry of this Decree.

Defendant shall submit these annual reports to the Regional Attorney of the Commission at the address listed below.

## XIII. NOTICE POSTING

38.     Defendant shall post the Notice attached as Exhibit A in its Mobile facility within ten (10) business days of entry of this Decree.

39.     Defendant shall post Exhibit A in conspicuous places upon its premises where notices to employees are customarily posted, and keep Exhibit A posted for the duration of this Decree.

40.     Defendant shall also keep posted in conspicuous places the notice poster required by Title VII, 42 U.S.C. § 2000e-10.

## XIV.  MONITORING

41.     The Commission shall have the right to monitor and review compliance with this Decree. Defendant shall cooperate with the Commission in any review function as it relates to this Decree.  Specifically, the Commission shall have the right to:

(a)     review any and all training and documents that this Decree requires Defendant to create or maintain;

14

(b)      interview employees and management, with the participation of Defendant's counsel, related to the requirements of this Decree; and

(c)      inspect Defendant's premises upon thirty (30) days prior notice to Defendant.

## XV. <u>SUCCESSOR NOTIFICATION</u>

42.      Defendant shall provide notice and a copy of this Decree to any successors or any other corporation or other entity that acquires Defendant and any other corporation or other entity into which Defendant may merge. The successors or acquiring entities shall be fully liable for complying with the terms of the Decree.

43.      Defendant shall provide notice to the Commission within 30 days of any acquisition or merger, at the address listed below.

## XVI. <u>DISPUTE RESOLUTION</u>

44.      In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party thirty (30) days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance within thirty (30) days, the complaining party may apply to the Court for appropriate relief.

## XVII.  <u>MISCELLANEOUS PROVISIONS</u>

45.      Each of the parties shall bear its own costs, attorney fees, and expenses in this lawsuit and prosecution.

46.     This Decree shall not be construed as placing any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Decree.

47.     If the Court finds any provision of this Decree unlawful, the Court will sever only such provision, and the remainder of the Decree will remain in full force and effect.

48.     When this Decree requires a certification by Defendant of any facts, such certification will be made under oath or penalty of perjury by an officer or management employee of Defendant.

49.     When this Decree requires Defendant to submit reports, certifications, notices, or other materials to the Commission, submissions shall be made to the attention of the Regional Attorney, Equal Employment Opportunity Commission, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205.

50.     The parties have executed this consent decree.  (Doc. 17-1).

DONE and ORDERED this the 8th day of April, 2016.

s/WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

ATTORNEYS FOR EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

P. DAVID LOPEZ                              JAMES L. LEE
GENERAL COUNSEL                     DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, N.E.,
4th Floor, Room 4NE25N
Washington, D. C.  20507

_____
C. EMANUEL SMITH (MS Bar No.: 7473)
Regional Attorney

MARSHA L. RUCKER (PA. Bar  #90041)
Supervisory Trial Attorney

GERALD L. MILLER (ASB-1454-E52G)
Senior Trial Attorney

_____
CHRISTOPHER WOOLLEY (CA Bar No. 241888)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, Alabama 35205

COCA COLA BOTTLING COMPANY CONSOLIDATED
_____
AUTHORIZED REPRESENTATIVE

CCBCC OPERATIONS, LLC successor to
CC BEVERAGE PACKING, INC.
D/B/A COCA COLA BOTTLING COMPANY OF MOBILE

_____
AUTHORIZED REPRESENTATIVE

17

ATTORNEYS FOR DEFENDANTS

_____

FREDERICK L. WARREN, ESQ.
Ford & Harrison
271 17TH Street N.W., Suite 1900
Atlanta, GA 30363

EXHIBIT
A

## NOTICE TO ALL EMPLOYEES OF COCA-COLA BOTTLING CO. CONSOLIDATED AND CCBCC OPERATIONS, LLC  LOCATED AT THE MOBILE FACILITY

1.  This Notice is posted to all employees pursuant to a Consent Decree entered into between Coca-Cola Bottling Co. Consolidated and CCBCC Operations, LLC (collectively "the Company") and the Equal Employment Opportunity Commission ("EEOC") as part of the settlement of a lawsuit, Civil Action No. 1:15-cv-00486, filed in the United States District Court of the Southern District of Alabama, Mobile Division. Pursuant to the Decree, the Company must conduct training on the prevention of employment discrimination and retaliation in the workplace.

2.  Discrimination is a violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. Federal law requires an employer to maintain a workplace free from discrimination based on race, sex (gender), religion, color, national origin, age (40 or older), or disability with respect to terms and conditions of employment.

3.  The Company will not tolerate or condone discrimination or retaliation against any employee or applicant for employment. Discrimination, which includes pregnancy discrimination, is a violation of company policy as well as federal law. Violation of these company policies by anyone employed by the Company will result in corrective action up to and including termination.

4.  You have the right to file a charge of discrimination with the EEOC if you believe you have been, or are being, discriminated or retaliated against.  The EEOC charges no fees and has employees and interpreters who speak languages other than English.  If you believe you have been discriminated or retaliated against in violation of federal law, you have the right to seek assistance from:

> Equal Employment Opportunity Commission
> 63 South Royal Street, Suite 504
> Mobile, Alabama 36602
> Telephone:  1-800-669-4000
> TTY:         1-800-669-6820
> website:     www.eeoc.gov

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED OR REMOVED**

**DO NOT REMOVE THIS NOTICE UNTIL: _____, 2019.**

WSACTIVELLP:8310194.1